IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 6:13-cr-60038-001

TOMMY WOODFORK                                                              DEFENDANT

## ORDER

Before the Court is *pro se* Defendant Tommy Woodfork's Motion for Early Termination of Supervised Release. (ECF No. 33). The government has filed a response. (ECF No. 34). The Court finds the matter ripe for consideration.

On April 24, 2013, Defendant was named in a three-count Indictment filed in the Western District of Arkansas. On September 20, 2013, pursuant to a written plea agreement, Defendant pleaded guilty to one count of distribution of a controlled substance, crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On December 11, 2013, the Court sentenced Defendant to 60 months of imprisonment, 3 years of supervised release, and a $100 special assessment. The Court also dismissed the remaining counts against Defendant. On December 6, 2016, Defendant was released from the Bureau of Prisons and began serving his term of supervised release.

On June 12, 2018, Defendant filed the instant motion. Defendant requests early termination of his supervised release, citing his good behavior since his release from imprisonment. Defendant states that he has complied with all requirements of his supervised release, that he has obtained employment, has had no contact with law enforcement, and has become involved in a youth mentoring program.

The government objects to early termination of Defendant's supervised release, arguing that Defendant's compliance with the terms of his supervised release for half of the total term of supervised release is not enough by itself to support early termination. The government argues further that Defendant's history and characteristics, as outlined in his presentence report, support a finding that

Defendant fulfill the remaining term of his supervised release. The government concludes that the instant motion should be denied.

The United States Probation Office ("USPO") has advised the Court that it also recommends that Defendant's motion be denied. The USPO states that while on supervised release, Defendant has remained committed to a drug-free lifestyle and has complied with the terms of his supervised release. The USPO also indicates that Defendant has maintained employment with a local temp service until finding full-time employment. However, the USPO also recommends that Defendant's motion be denied due to his history and characteristics.

A district court may terminate supervised release "if it is satisfied that such action is warranted by conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the Court must consider factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable. Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to provide the defendant with correctional treatment in the most efficient manner.

The Court is pleased that Defendant is doing well while on supervised release. However, upon consideration of the factors listed above, the Court finds that Defendant's motion (ECF No. 33) should be and hereby is **DENIED** due to Defendant's history and characteristics. Defendant may refile the motion after a greater amount of the imposed term of supervised release has passed.

**IT IS SO ORDERED**, this 18th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge